IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWARD RENO,

    Plaintiff,

v().                                                             Case No. 2:20-cv-00918-GJF-KRS

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF EDDY, and DARLA BANNISTER,

    Defendants.

### DEFENDANT BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF EDDY'S MOTION TO DISMISS UNDER RULE 12(b)(6)[1]

Defendant Board of County Commissioners for the County of Eddy ("The Board" or "County Defendant")[2] hereby states the following for its Motion to Dismiss Under Rule 12(b)(6)[3]:

### INTRODUCTION

Plaintiff's First Amended Complaint states three counts: 1) a state law claim pursuant to the New Mexico Tort Claims Act for negligent provision of medical care; 2) a *Monell* style claim for municipal liability related to a purported custom of providing constitutionally inadequate medical care; and 3) a federal individual capacity claim for violation of the Eight Amendment in the provision of medical care. The state claim for medical negligence fails because the complaint

---

[1] Pursuant to Local Rule 7.1, Defendant sought Plaintiff's position on this motion, but had not yet received Plaintiff's position at the time of filing, and the motion is therefore presumed to be opposed.

[2] Defendant Darla Bannister, an independent contractor medical provider, has not yet been served, but will presumably receive a defense from other counsel. This motion is brought solely on behalf of The Board.

[3] Movant brings this Motion pursuant to Rule 12(b)(6) and, therefore, reserves the right to state all available affirmative defenses in a subsequent answer or motion, should one become necessary. However, out of an abundance of caution, County Defendant states the following possible affirmative defenses: Plaintiff has failed to state a claim under which relief may be granted; County Defendant's actions do not rise to the level of any contractual, statutory, constitutional or other deprivations or breach of Plaintiff's rights; County Defendant's actions do not shock the conscience of the Court; Plaintiff's claims are barred by estoppel, laches, and the doctrine of extraordinary circumstances; Plaintiff's claims are barred as a matter of law; Plaintiff has failed to name a necessary and indispensable party; and Plaintiff's claims are barred by the statute of limitations. County Defendant reserves the right to rely on other defenses as they become known during discovery and does not knowingly waive any defenses.

was not served with sufficient diligence after the running of the statute of limitations. Plaintiff's *Monell* claim fails because it lacks fact allegations which support any deprivation of a serious medical need by a deliberately indifferent official policy. Finally, the individual capacity claim does not apply to the Board and is based on an inapplicable constitutional provision. As such, each of Plaintiff's claims against the Board should be dismissed with prejudice.

## STANDARD OF REVIEW

Under Rule 12(b)(6), the Court reviews the allegations for plausibility; specifically, the Court queries whether enough facts have been pled to state a plausible claim. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The "plaintiff must plead that each Government-official defendant, through his own individual actions, has violated the Constitution." *Ashcroft v Iqbal,* 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009).

> If a complaint explicitly alleges every fact necessary to win at trial, it has necessarily satisfied this requirement. If it omits some necessary facts, however, it may still suffice so long as the court can plausibly infer the necessary unarticulated assumptions. But if the complaint is sufficiently devoid of facts necessary to establish liability that it encompasses a wide swath of conduct, much of it innocent, a court must conclude that plaintiffs have not nudged their claims across the line from conceivable to plausible. Plaintiffs thus omit important factual material at their peril. While a complaint must be short and plain, it must also show not merely assert that relief is appropriate if it is true. Thus, despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.

\*\*\*

> This pleading requirement serves two purposes. First, it ensures that defendants know the actual grounds of the claim against them, and can therefore prepare a defense. Second, it avoids ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim. The latter concern is especially pertinent in [] immunity cases, where the very purpose of interlocutory appeal is to spare official defendants from the ordeal

2

>of discovery if the complaint fails to allege a constitutional violation…

*Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)(citation removed) (discussing qualified immunity).

In reviewing the plausibility of a complaint, the Court assumes the truth of all well-pleaded facts in the complaint, and draws reasonable inferences therefrom in the light most favorable to the plaintiff. *See Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

In addition, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted" under Rule 8(a)(2). *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted), cert. denied, 130 S.Ct. 1142, (2010).

The Supreme Court has clarified the Rule 12 standard, stating that "to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Id*. at 1247 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955, so that "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). Under this standard, "a plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss." *Smith*, 561 F.3d at 1098. Therefore, a plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). Vague and

conclusory allegations will not sustain a claim under Rule 12 and *Iqbal*. *See Gee v. Pacheco,* 627 F.3d 1178 (10th Cir. 2010) "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has merely made an allegation, "but it has not shown that the pleader is entitled to relief." *Iqbal* at 1950 (emphasis added) (alteration, quotation marks, and citation omitted). *See also Gee v. Pacheco,* 627 F.3d 1178 (10th Cir. 2010).

I. **COUNT III (THE STATE CLAIM) IS BARRED BY THE STATUTE OF LIMITATIONS.**

    a. **Plaintiff did not serve County Defendant with reasonable diligence.**

Under New Mexico law, when a plaintiff fails to serve a complaint with reasonable diligence, dismissal is the appropriate remedy. *See generally*, *Romero v. Bachicha*, 2001-NMCA-048, 130 N.M. 610. Plaintiff alleges that he was deprived of reasonable care on and prior to May 23, 2018. *See* Complaint ¶32. He filed his original Complaint on March 20, 2020, within the two year statute of limitations. However, after filing the claim, Plaintiff did not obtain summonses for 136 days, waiting until August 3, 2020 to do so.  Further, by the time Plaintiff served the Board a week later, the statute of limitations had been expired for 79 days. (May 23, 2020-August 10, 2020) and the claim had been pending before the state court for 143 days (March 20, 2020-August 10, 2020).

The rule in New Mexico is that, to avoid dismissal for statute of limitations reasons, all parties to an action must be actually or constructively served within a period of time that includes the statute of limitations period plus a *reasonable* time for service of process. *Id.* ¶17. The Court may use "its discretion in determining whether a delay in service of process demonstrates a lack of due diligence on the part of a plaintiff based on a standard of objective reasonableness." *Id*. ¶23. Once "the trial court determines that a plaintiff failed to exercise due diligence in serving process

on a defendant, the court must exercise its discretion to determine whether the delay warrants dismissal of the complaint." *Id.*

Reasonable diligence is such action as an individual of ordinary prudence would undertake under the circumstances in order to be successful. *Fulton v. Cornelius*, 1988-NMCA-057, ¶21, 107 N.M. 362. Black's Law Dictionary defines diligent as "Careful; attentive; persistent in doing something." Black's Law Dictionary (9th ed. 2009). In *Romero*, 2001-NMCA-048, the court noted that the ease of serving the defendants is an important part of the analysis. In this instance, service could hardly have been easier, as service of process on a Board of County Commissioners is accomplished simply by serving the suit on the County Clerk at its publicly accessible location. *See* NMSA 1978, § 4-46-2.

Here, the Plaintiff did not even obtain the summonses from the state district court for 136 days (March 20, 2020-August 3, 2020). Logic dictates that failing to even obtain a summons cannot be diligent efforts to serve a complaint, as a complaint cannot be served without the summons. In other words, the absence of action is the opposite of diligence.

In *Ramirez v. New Mexico*, 2015 WL 13659472, at *1 (D.N.M. Aug. 26, 2015), Judge Wormuth considered a case where the plaintiff had not served the defendants for a little more than two years. *Id.* at *2. The Court, relying on *Romero v. Bachicha*, 2001-NMCA-048, found that the delay in service was unreasonable. Based on that finding, the Court dismissed the case. The *Romero* Court explained that "[t]he basic rule in New Mexico is that all parties to an action must be actually or constructively served within a period of time that includes the statute of limitations period plus a reasonable time for service of process." *Id.* at ¶17.

In rejecting Mr. Romero's argument that his delay was reasonable, the New Mexico Court of Appeals not only held that the delay was unreasonable, but did so where plaintiff actually had

5

some explanation of why he had not served the defendants for so long. Here, the lack of diligence is more obvious than in *Romero* because Plaintiffs did not even possess the summons. Therefore, even if he had bothered to go to the Clerk's office, he would have been unable to properly serve the Board. There is no plausible argument that the failure to obtain the summons and make any attempt to serve the defendant was reasonably diligent.

        **b. The lack of diligent service warrants dismissal of the state law claim.**

A lack of due diligence in proper service of a Complaint warrants dismissal. *Ramirez v. New Mexico*, 2015 WL 13659472, at *4 (D.N.M. Aug. 26, 2015)(citing *Martinez v. Segovia*, 2003-NMCA-023). Other states offer persuasive authority to support Defendant's position. *See Slagle v. Prickett*, 345 S.W.3d 693, 698 (Tex. App. 2011)(holding, "Because [plaintiff] took *no actions* to obtain service for the three months following the expiration of the limitations period, we hold that he failed to exercise due diligence in procuring service as a matter of law.")(emphasis added). *See also*, *Anson v. Star Brite Inn Motel*, 2010 S.D. 73, 788 N.W.2d 822, 830 (holding that "waiting three months before taking any action after learning [prior attorney] was no longer practicing law in the [] area does not satisfy the reasonable and good-faith conduct standard").

Due to the delay in obtaining summonses and in serving County Defendant, this Court should find that Plaintiff failed to execute due diligence in serving process on the defendant and dismiss the state claim (Count III) against the Board as barred by the statute of limitations and the failure to exercise diligence in the service of the Complaint.

**II. THE MONELL CLAIM (COUNT II) FAILS TO STATE A VIABLE POLICY BASED CLAIM.**

Plaintiff's Amended Complaint also to illustrate any viable *Monell* claim. The Complaint does not allege a plausible claim regarding a defective policy or official deliberate indifference to a serious medical need; more specifically, the Complaint makes only a few conclusory allegations

6

regarding what defective policy may have existed and how that policy purportedly caused the alleged constitutional deprivation. Instead, the Complaint alleges that a contract medical staff person made decisions regarding the Plaintiff that explicitly violated the facility's policies. Policy violations by an independent contractor simply do not establish *Monell* liability against the Board.

Further, the Eighth Amendment does not apply to claims brought for alleged pre-conviction deprivations; therefore, all the constitutional requirements fail to state plausible claims under which relief may be granted because the basis under which this claim is stated is inapplicable to the facts alleged.

**A. The Complaint fails to illustrate a viable claim of an unconstitutional policy followed with deliberate indifference.**

At a minimum, a party asserting a *Monell* claim must plead sufficient facts to identify the unconstitutional custom or policy that was promulgated and the means by which that custom or policy caused the constitutional violation. *Abila v. Funk*, 2016 WL 9021834, at *18 (D.N.M. Dec. 14, 2016). The "formulaic recitation of a *Monell* claim, alleging that [Defendants] acted and/or failed to act pursuant to [County] or State policy, custom, decision, ordinance, regulation, habit, usage or practice in his conduct" which "never identifies *precisely* what particular custom or policy of [the entity Defendant] [some governmental individual actor] was acting pursuant to ...." fails to state a plausible claim. *Id.* (emphasis added). "As cases like *Twombly* and *Iqbal* make clear, such conclusory pleadings are insufficient to state a claim." *Abila v. Funk*, 2016 WL 9021834, at *18 (D.N.M. Dec. 14, 2016). "[A]t the pleading stage, the existence of a *Monell* policy is a 'conclusion' to be built up to, rather than a 'fact' to be baldly asserted." *Abila v. Funk*, 2016 WL 9021834, at *19 (D.N.M. Dec. 14, 2016). This Court has also held that conclusory allegations may not form the basis of a *Monell* claim and that a claim must illustrate that a county policy was the moving

force behind an alleged constitutional deprivation. *See Mendoza et al v. Dona Ana County* (D.N.M., 18cv01020, Fouratt, J. Nov. 20, 2018).

Here, the First Amended Complaint ("FAC") alleges that *Defendant Bannister* (an independent contractor medical provider) failed to comply with Eddy County Detention Center ("ECDC") policy, thereby causing injury to Plaintiff. *See* FAC ¶¶18, 21, 22, 48, 49, 53, 54, 56, 57, and 61. Assuming the facts pled against Defendant Bannister to be true, she is alleged to have acted in defiance of jail policy rather than in conformity therewith. An act, taken by an individual in contradiction of policy, cannot form the basis of a *Monell* claim. The remaining allegations against the Board are nothing more than contradictory and formulaic recitations of the elements of a claim, without sufficient fact assertions to state a *Monell* claim.

To state a plausible claim under *Monell*, Plaintiff must allege actual facts, as opposed to conclusions couched as facts, which support the plausible inference that a constitutional injury occurred as a result of *official* governmental policy, as opposed to the independent acts of an independent contractor in defiance of such policies. Plaintiff may accomplish that task by alleging "facts—such as statistics, records of complaints filed with the [County], or even anecdotal evidence—that would indicate that the misconduct alleged in this case was more than an isolated incident." *Abila v. Funk*, 2016 WL 9021834, at *18 (D.N.M. Dec. 14, 2016). No such allegations are contained in the FAC.

Here, the Complaint lacks any fact allegations regarding any history of problems, other injuries, any pattern, or any knowledge by the Board that there was a problem. There are no statistics, history, examples, or other such facts offered in the FAC. As such, the Complaint fails to state a plausible claim of bad custom against the County. Therefore, the Court should dismiss

all *Monell* claims (all claims against the County as a governmental entity, whether directed to the Board, the Detention Center, or otherwise).

The FAC does make some confusing allegations regarding cost based decision making. For example, in paragraphs 22-23 of the FAC, Plaintiff alleges that Defendant Bannister made the decision to deny an orthotic or prosthetic to Plaintiff based on cost. Plaintiff repeats this allegation in paragraph 58. Plaintiff repeats the theme that Defendant Bannister made inappropriate decisions regarding Plaintiff's medical care throughout his FAC. However, paragraph 62, without any context, states that Warden Massingill[4] was deliberately indifferent and vindictive regarding the denial of an orthotic. Plaintiff repeats that Massingill was concerned with cost in paragraph 83, again without any specific-fact support. The Tenth Circuit has recognized that "The naked assertion that Defendants considered cost in treating an inmate's [medical condition] does not suffice to state a claim for deliberate indifference, as prisoners do not have a constitutional right to limitless medical care, free of the cost constraints under which law-abiding citizens receive treatment." *Sherman v. Klenke*, 653 Fed. Appx. 580, 592 (10th Cir. 2016). Thus, absent significantly more, allegations that Warden Massingill (FAC 37) was upset regarding the costs of an orthotic do not establish an official capacity policy-based deprivation of Plaintiff's rights. This point is highlighted by the absence of allegations that Plaintiff, Defendant Bannister, or anyone else, told Warden Massingill of the serious nature of Plaintiff's condition or any particular need. In other words, there are no allegations that Warden Massingill knew or should have known that the failure to provide an orthotic was going to cause or exacerbate a serious medical condition. When viewed, in the context of the fact allegations actually contained in the FAC, the assertion that Warden Massingill considered cost is not enough to illustrate an official policy claim. Nothing

---

[4] After Defendant's Motion to Dismiss the first Complaint, Plaintiff removed Warden Massingill as a defendant in the FAC.

9

in the FAC meets the standard that any action "was taken with 'deliberate indifference' as to its known or obvious consequences." *Herrera v. Santa Fe Pub. Sch.*, 41 F. Supp. 3d 1188, 1268 (D.N.M. 2014). Similarly, nothing pled illustrates "actual or constructive notice that [an official] action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Id.* at 1268–69 (D.N.M. 2014). The Tenth Circuit has referred to the test as a "high burden" and explained that the Plaintiff must illustrate an "almost inevitable constitutional injury." *Harte v. Bd. of Commissioners of County of Johnson, Kansas*, 864 F.3d 1154, 1195 (10th Cir. 2017).

The FAC does not meet that burden. As such, the Court should dismiss the *Monell* claim and dismiss the Board in its entirety, with prejudice.

### III. THE EIGHT AMENDMENT DOES NOT APPLY TO PRE-CONVICTION DEPRIVATIONS.

In the Tenth Circuit, "[p]retrial detainees are protected under the Due Process Clause rather than the Eighth Amendment." *Lopez v. LeMaster*, 172 F.3d 756, 759 fn2 (10th Cir. 1999). "The Eighth Amendment applies only after an adjudication of guilt." *Galvan v. Bd. of County Commissioners for Curry County, New Mexico*, 2016 WL 10539052, at *3 (D.N.M. May 6, 2016)(dismissing Eighth Amendment claim based on plaintiff's status as a pre-trial detainee)(citing *Garcia v. Salt Lake Cty.*, 768 F.2d 303, 307 (10th Cir. 1985)).

The FAC illustrates that Plaintiff was "arrested" on March 22, 2018. *See* FAC ¶10. That fact, combined with the lack of any allegation of a conviction, illustrate that the Plaintiff was pre-trial as opposed to post-conviction. Indeed, the FAC specifically states that "[a]t all relevant times, Plaintiff Reno was a pretrial detainee…" *See* FAC ¶4. As such, the Eighth Amendment does not govern Plaintiff's claim, and all Eighth Amendment claims must be dismissed. Because no Eighth

10

Amendment claim may be stated for pretrial detainees, the dismissal of the Eighth Amendment claims should be with prejudice.

## CONCLUSION

The Plaintiff has brought three claims: a state claim, an individual capacity claim, and a *Monell* claim. The state claim is barred by the statute of limitations and the failure to timely serve the Board. The individual capacity claim does not apply to the Board and is based on an inapplicable constitutional provision. Finally, the *Monell* claim lacks fact allegations which support any deprivation of a serious medical need by a deliberately indifferent official policy. As such, the Court should dismiss the state claim in its entirety, dismiss the *Monell* claim, and dismiss the Board as a party to this action, with prejudice.

Respectfully submitted:

NEW MEXICO ASSOCIATION OF COUNTIES

By  */s/ Brandon Huss*
    BRANDON HUSS
    DAVID ROMAN
    MARK DREBING
    111 Lomas Blvd. Ste. 424
    Albuquerque, New Mexico 87102
    (505) 820-8116
    bhuss@nmcounties.org
    droman@nmcounties.org
    mdrebing@nmcounties.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on November 25, 2020, I filed the foregoing electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Brandon Huss*
BRANDON HUSS