**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

EDWARD RENO,

      Plaintiff,

v.                                                                          No. 2:20-cv-918 GJF/KRS

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF EDDY and DARLA BANNISTER,

      Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on the Court's Order Setting Telephonic Status

Conference, (Doc. 63), filed April 25, 2022.  The Court set a telephonic hearing for May 24,

2022, to discuss Plaintiff's counsel's Motion to Withdraw as Counsel, (Doc. 61), and determine

whether Plaintiff intends to obtain substitute counsel or proceed pro se.  The Court ordered

Plaintiff and counsel to appear for the May 24, 2022 telephonic hearing, and the Court mailed the

Order to Plaintiff at the address provided by his counsel in their Motion to Withdraw.

On May 24, 2022, Plaintiff failed to appear at the scheduled hearing.  The Court's clerk

called Plaintiff at a number provided by Plaintiff's counsel and spoke with Plaintiff.  Plaintiff

stated he had a new address so he did not receive the order setting the hearing.  The clerk

provided Plaintiff the number to call for the hearing Plaintiff indicated he would call the number.

After waiting for several minutes, the Court's clerk called Plaintiff again and the call went to a

voice mailbox.  The clerk left a message instructing Plaintiff to call the Court's chambers line

and provide the Court with an updated address.  Plaintiff  has not contacted chambers.

The Court may impose sanctions for Plaintiff's failure to comply with Court orders and

failure to prosecute his case based on the Court's inherit power to regulate its docket and

promote judicial efficiency.  *See Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003);

*Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984).  One such sanction within the discretion of the

Court is to dismiss an action for want of prosecution.  *See, e.g., Link v. Wabash R.R. Co.*, 370

U.S. 626, 628-30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856

(10th Cir. 2005).  Additionally, Rule 41(b) of the Federal Rules of Civil Procedure authorizes the

Court to dismiss an action *sua sponte* for failure to prosecute.

IT IS THEREFORE ORDERED that **no later than June 3, 2022**, Plaintiff shall respond

in writing to this Order and: (1) show cause why this case should not be dismissed for Plaintiff's

failure to comply with the Court's orders or to prosecute his case; and (2) provide the Court with

a current and valid mailing address and phone number, pursuant to Local Rule 83.6.  Failure to

respond to this Order may result in this case being dismissed without prejudice and without

further notice.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

2